CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

DEC 0 7 2010

LODGED_____REC'D_____
PAID_____DOCKETED_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

IN RE

STEVE ALLEN VINCENT, SR., and
CINDY LEOLLA VINCENT,

                         Debtors.

Bankruptcy Case
No. 10-61848-fra13

MEMORANDUM OPINION

      Secured creditor BAC Home Loans Servicing, LP ("BAC") filed a motion to allow future payments through Debtors' Chapter 13 plan on BAC's late-filed claim. BAC filed its proof of claim on September 21, 2010, while the deadline for timely-filing a proof of claim was July, 28, 2010. The motion is essentially a motion asking the court to treat its late-filed claim as timely-filed. The creditor states that allowance of its claim as timely-filed will benefit the Debtors by allowing them to file a Chapter 13 plan that deals with its secured claim through the bankruptcy. For the reasons that follow, I find that because the claim has not been objected to, it is currently deemed allowed and payments through the Plan may be made. I also find that the Court lacks the discretion to allow BAC's claim as timely-filed.

// // //

// // //

// // //

// // //

// // //

Page 1 - MEMORANDUM OPINION

## DISCUSSION

Bankruptcy Code § 502(a)[1] provides that a claim filed under § 501 is allowed unless a party in interest objects. Under § 502 (b), if the claim is objected to, "the court . . . shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that – . . . (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a). . . ." Section 726(a) in not applicable in a Chapter 13 case.

Fed.R.Bankr.P. 3002(c) requires that a creditor in a chapter 7, 12 or 13 case file its proof of claim within 90 days of the first date set for the meeting of creditors in order for the claim to be considered timely-filed. Rule 3002(c) does not disallow claims that are filed after the 90-day deadline, "[i]t simply divides claims into two categories: timely and late." *In re Osborne*, 76 F.3d 306, 309 (9th Cir.1996)(internal citation omitted). Per Fed.R.Bankr.P. 9006(b)(3), the court may enlarge this 90-day deadline only as allowed in Rule 3002(c). Rule 3002(c) lists six instances where the court may extend the deadline, but none of the enumerated conditions are present in this case. Note that excusable neglect is <u>not</u> a valid excuse under Rule 3002(c). Where a late-filed claim is objected to in chapter 13, "the Bankruptcy Court has no discretion to allow [the] late-filed proof of claim." *Osborne* at 311 (citing *In re Tomlan*, 102 B.R. 790, 795 (E.D. Wash. 1989)).

Fed.R.Bankr.P. 3004, however, allows a debtor or trustee to file a proof of claim for a creditor which failed to timely do so, but the claim must be filed within 30 days after the deadline imposed by Rule 3002(c). Fed.R.Bankr.P. 9006(b)(1) provides the court with the discretion to allow a debtor or trustee who fails to file a proof of claim within the 30-day deadline to timely file one thereafter, only where the failure to act in a timely manner was the result of excusable neglect on the part of the debtor or trustee.

In the present case, a review of the record reveals that BAC's claim has not been objected to. Consequently, it is currently deemed allowed under Code § 502(a), unless and until such time as an objection

---

[1] All statutory references herein are in reference to the Bankruptcy Code at 11 U.S.C. §§ 101 to 1532, unless otherwise specified.

Page 2 - MEMORANDUM OPINION

may be made. As an allowed claim, distribution under the Chapter 13 plan may be made pursuant to Fed.R.Bankr.P. 3021.

Fed.R.Bankr.P. 3007, which deals with objections to claims, does not provide a deadline by which an objection to claim must be filed. There is also nothing in Chapter 13 itself which specifically requires that objections to claims be filed by a date certain, e.g. by the date set for confirmation of the Chapter 13 plan. However, as the Debtors' Chapter 13 plan has been confirmed, and in the interest of providing some certainty with respect to the Debtors' reorganization process, the Court will impose a deadline in this case and with respect only to the claim of BAC. Any objection by the trustee or another party in interest to the claim filed by BAC as to the timeliness of the proof of claim must be made within 28 days of the entry of the order in this matter.

## CONCLUSION

Because BAC's claim has not been objected to, it is deemed to be an allowed claim under Code § 502. As an objection to the claim has not currently been filed, the question of the allowance or disallowance of the claim based on the timeliness of its filing is not ripe and BAC's motion will be denied on that basis.

*/s/ Frank R. Alley, III*

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 3 - MEMORANDUM OPINION