UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

In re: ) Bankruptcy Case No. 10-61848-fra13
STEVE ALLEN VINCENT, Sr., and )
CINDY LEOLLA VINCENT, )
             Debtors. ) AMENDED MEMORANDUM OPINION

      Secured creditor BAC Home Loans Servicing, LP ("BAC") filed a motion to allow future payments through Debtors' Chapter 13 plan on BAC's late-filed claim. BAC filed its proof of claim on September 21, 2010, while the deadline for timely-filing a proof of claim was July, 28, 2010. The motion is essentially asking the Court to treat its late-filed claim as timely-filed. The creditor states that allowance of its claim as timely-filed will benefit the Debtors by allowing them to file a Chapter 13 plan that deals with its secured claim through the bankruptcy. For the reasons that follow, I find that the Court lacks the discretion to allow BAC's claim as timely-filed, but will require that any objection to the claim on the basis of timeliness be made by a party in interest by a date certain.

// // //

// // //

// // //

Page 1 - AMENDED MEMORANDUM OPINION

DISCUSSION

Bankruptcy Code § 502(a)[1] provides that a claim filed under § 501 is allowed unless a party in interest objects. Under § 502 (b), if the claim is objected to, "the court . . . shall determine the amount of such claim . . . and shall allow such claim in such amount, except to the extent that – . . . (9) proof of such claim is not timely filed, except to the extent tardily filed as permitted under paragraph (1), (2), or (3) of section 726(a). . . ." Section 726(a) in not applicable in a Chapter 13 case.

Fed.R.Bankr.P. 3002(c) requires that a creditor in a chapter 7, 12 or 13 case file its proof of claim within 90 days of the first date set for the meeting of creditors in order for the claim to be considered timely-filed. Rule 3002(c) does not disallow claims that are filed after the 90-day deadline, "[i]t simply divides claims into two categories: timely and late." *In re Osborne*, 76 F.3d 306, 309 (9th Cir.1996)(internal citation omitted). Per Fed.R.Bankr.P. 9006(b)(3), the court may enlarge this 90-day deadline only as allowed in Rule 3002(c). Rule 3002(c) lists six instances where the court may extend the deadline, but none of the enumerated conditions are present in this case (e.g. excusable neglect is <u>not</u> a valid excuse under Rule 3002(c)). "The Bankruptcy Court has no discretion to allow a late-filed proof of claim." *Osborne* at 311 (citing *In re Tomlan,* 102 B.R. 790, 795 (E.D. Wash. 1989)).

Fed.R.Bankr.P. 3004, however, allows a debtor or trustee to file a proof of claim for a creditor which failed to timely do so, but it must be filed within 30 days after the deadline imposed by Rule 3002(c). Fed.R.Bankr.P. 9006(b)(1) provides the court with the discretion to allow a debtor or trustee who fails to file a proof of claim within the 30-day deadline to timely file one thereafter, only where the failure to act in a timely manner was the result of excusable neglect on the part of the debtor or trustee.

In the present case, Debtor's Chapter 13 Plan of Reorganization ("Plan") was confirmed on July 16, 2010. The Plan provides at ¶ 5 that "[s]ubject to the provisions of § 502, untimely claims are disallowed, without the need for formal objection, unless allowed by court order." The effect of this provision in Debtor's confirmed Plan is that, upon confirmation of the Plan, BAC's untimely-filed claim was disallowed.

---

[1] All statutory references herein are in reference to the Bankruptcy Code at 11 U.S.C. §§ 101 to 1532, unless otherwise specified.

Page 2 - AMENDED MEMORANDUM OPINION

However, because the confirmed Plan provides for payments to BAC under ¶¶ 2(b)(1) and 4 and given the equities of this case and the equitable power provided to the Court by § 105, the Court will limit the effect of ¶ 5 of the Plan with regard to BAC's claim in this case and require that any objection to BAC's claim on the basis of timeliness be made within 28 days of December 7, 2010. If no objections to the claim are received by that date, the claim will be deemed allowed pursuant to § 502(a). In the future, however, parties in interest should not rely on the Court's exercise of equity to limit the provision of the chapter 13 plan disallowing late-filed claims.

CONCLUSION

An order will be entered by the Court consistent with this Memorandum Opinion.

FRANK R. ALLEY, III
Chief Bankruptcy Judge